IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**PALLIS WEAVER,**

    **Petitioner,**

**vs.**                                                            **CASE NO. 4:04cv21-RH/WCS**

**JAMES CROSBY,**

    **Respondent.**

_____/


## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Pallis Weaver pursuant to 28 U.S.C. § 2254. Doc. 1. The petition concerns Petitioner's conviction for possession with intent to sell cocaine and sale of cocaine in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, case number 2002-60-CF. Respondent filed an answer. Doc. 11.

Petitioner brings one claim. He contends that his trial counsel was ineffective as to advice given to induce his guilty plea. Petitioner states that he understood that the sentence he was to receive in this case, case number 2002-60-CF, would be three years to be served consecutively to the sentences imposed another case. He contends,

however, that his attorney told him that he was not entitled to jail credit on the new sentence in this case, case number 2002-60-CF. He argues that he is entitled to such jail credit. Respondent concedes exhaustion of state court remedies as to this claim and that this petition was timely filed.

**Section 2254 Standard of Review**

For claims which were properly exhausted and adjudicated in state court, this court's review is limited. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850. Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome. In the context of a guilty plea, the first part of the Strickland test is the same, but "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct.

366, 370, 88 L.Ed.2d 203 (1985); Jackson v. United States, 976 F.2d 679, 681 (11th Cir. 1992), citing United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

**Legal Analysis**

The trial court denied Petitioner's claim of ineffective assistance of counsel by finding that "Defendant knowingly agreed, as shown in the Offer of Plea and sentencing transcripts, that the term of incarceration in the instant case shall be without jail credit." Doc. 11, Exhibit A, p. 9. This ruling did not address Petitioner's claim that his attorney erroneously advised him that he was not entitled to receive jail credit on this sentence. Thus, there is no state court ruling as to which this court must defer.

Petitioner was advised at the guilty plea and sentencing that he was not entitled to jail credit on the sentence in this case. The prosecutor told the sentencing court that Petitioner was not entitled to jail credit on the sentence on case number 2002-60-CF, and therefore the plea offer indicated that "there would be zero jail credit." Doc. 11, Exhibit A, p. 49. Petitioner's attorney, J. R. Weed, responded: "On this case, the jail credit time. He understand that this sentence has no [jail credit]." *Id*. It was understood that Petitioner would seek jail credit in his Suwannee County case, but it was also understood that this was not a part of this case or sentence. *Id*.

Petitioner's criminal history is necessary to understand the claim. In Taylor County Circuit Court Case Number 2000-116-CF, Petitioner received sentences of five years probation and two years community control on two counts, with 90 days in jail. Doc. 11, Exhibit B, p. 1. At the same time his probation on case number 94-133 was violated, he was given a sentence of time served, and the new sentences were to be served consecutively to the sentence on revocation of probation. *Id*., pp. 1-3.

On July 11, 2002, Petitioner was convicted in a drug case in Suwannee County, case number 2001-21-CF. *Id*., Exhibit B. He received a prison term of 50 months which he began serving on July 11, 2002, as will be explained ahead. He was given 8 days of jail credit. *Id*.

Petitioner was next convicted of the two offenses in the case at bar, Taylor County Circuit Court Case Number 2002-60-CF. On February 23, 2003, Petitioner entered a guilty plea in the case at bar and admitted violation of the probation in case number 2000-116.

In Taylor County case number 2000-116, he was sentenced to a prison term of three years, and was given 475 days of jail credit. *Id*., pp. 62-62. This sentence was made concurrent with the sentence imposed in case number 2002-60-CF, but consecutive to a sentence imposed in Suwannee County on case number 2001-21-CF, which was then being served. *Id*., p. 66.

In case number 2002-60-CF, the case at issue here, Petitioner was also sentenced to a prison term of three years concurrent with the three year term in case number 2000-116. *Id*., pp. 11, 13. He was given no jail credit. *Id*., pp. 12, 14. Again, these sentences were made concurrent with the sentence imposed in case number 2000-116-CF, but consecutive to the sentence in case number 2001-21-CF in Suwannee County. *Id*., p. 15.

Petitioner was placed in jail on the charges in case number 2002-60-CF on February 22, 2002. Doc. 11, Exhibit A, p. 32. Petitioner was sentenced to 50 months imprisonment in the Suwannee County case number 2001-21-CF on July 11, 2002, and all the time he spent incarcerated after that date was credited against *that* prison

sentence pursuant to FLA. STAT. § 921.161(2).  Additionally, Petitioner was credited with 8 days of jail time in that case.  Since the sentence in case number 2002-60-CF was imposed consecutive to the sentence in case number 2001-21-CF, and Petitioner was already serving the unrelated sentence in case number 2001-21-CF, the jail credit awarded to the sentence in case number 2001-21-CF and the time served against case number 2001-21-CF starting on July 11, 2002, could not be counted again against the sentence in case number 2002-60-CF.  Daniels v. State, 491 So. 2d 543, 545 (Fla. 1986); Amos v. State, 800 So. 2d 712, 713 (Fla. 2d DCA 2001); Gildow v. State, 700 So. 2d 769, 770 (Fla. 2d DCA 1997).

Respondent concedes, however, that the earlier jail credit, running from February 22, 2002, through May 29, 2002, and from May 31, 2002, to July 11, 2002, minus six days credited to case number 2001-21-CF,[1] a total of 133 days, could have been credited against Petitioner's sentence in case number 2002-60-CF.  Doc. 11, p. 14.  The question to be determined, therefore, is whether Petitioner has adequately alleged a claim of ineffective assistance of counsel as to these 133 days.

Petitioner has not alleged that had he been advised that he was entitled to 133 days of jail credit, he would not have entered into the guilty plea, but would have insisted upon going to trial.  Likewise, in his Rule 3.850 motion, Petitioner did not ask to

---

[1] The records reflect that Petitioner was released from Taylor County Jail to Suwannee County jail on these two days, and since Petitioner got 8 days credit against the Suwannee County sentence, an additional 6 days must be subtracted.

withdraw his guilty plea.  He only asked for 294 days[2] of jail credit.  Doc. 11, Exhibit A, pp. 1-6.

As noted above, at the plea colloquy and sentencing Petitioner's attorney told the court that Petitioner understood that he would not get any jail credit.  Doc. 11, Exhibit A, p. 49.  The court then asked Petitioner if he heard what had been said, and he said yes.  *Id*., p. 50.  The court then drew Petitioner's attention to the plea agreement that he had entered into, which provided a three year sentence for his guilty plea, to be served consecutive to the sentence which he was then serving, and he said that this was correct.  *Id*., p. 51  The plea agreement stated:  "The court has committed to a sentence of three (3) years on all counts concurrently *with no jail credit*, all to run consecutive to the sentence now being served (Suwannee County)."  *Id*., p. 45 (emphasis added).  The state sentencing guidelines allowed a sentence in the range of from 39.3 months to 30 years.  *Id*., p. 43.  Thus, the 36 month sentence provided for in the plea agreement was below the guideline range.

In a post-conviction challenge to a guilty plea:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); *see also* United States v. Gonzalez-Mercado, 808 F.2d 796, 799-800

---

[2] The calculation was wrong, as Respondent has shown.

and n. 8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing <u>Blackledge</u> and other cases).

Assuming attorney error in advising Petitioner and the court that Petitioner was not entitled to any jail credit in this case, Petitioner has not sufficiently alleged prejudice to the outcome. Petitioner had a string of prior drug convictions and violations of probation, and he had just received a 50 month sentence for drug dealing in Suwannee County. He could have been sentenced up to 30 years in the case at bar. Instead, the State made a plea offer for a flat consecutive three year sentence without any jail credit. This sentence was 3.3 months below the guideline minimum sentence. Petitioner has not alleged that the State would have offered him the same plea bargain had he received 133 days of jail credit, and given Petitioner's record, it is unreasonable to make that assumption on this record. Nor has Petitioner alleged that he would have insisted upon going to trial had he known that the plea agreement gave up 133 days of jail credit. The allegations of prejudice to the outcome, therefore, are insufficient.

It is therefore **RECOMMENDED** that the court **DENY WITH PREJUDICE** the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Pallis Weaver challenging his guilty plea in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, in case number 2002-60-CF.

**IN CHAMBERS** at Tallahassee, Florida, on March 21, 2005.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**